This was an ejectment brought to recover a tract of land lying in Franklin county. The plaintiff derived his title under a grant from the State of Tennessee *Page 347 
to William Bean, dated the 8th day of December, 1808, upon an occupant entry made on the 3d day of August, 1807.
The defendant claimed under a grant from the State of Tennessee, dated the 28th day of May, 1812, founded upon an occupant entry made the 3d of July, 1811, in pursuance of a previous survey of the 9th of March, 1808.
It was admitted that William Bean was not an occupant at the time he made his entry, and it was also admitted that at the time Norwood made his survey he was in the actual occupancy.
Whiteside, for the plaintiff, insisted that the right of occupancy of William Bean could not be contested by verbal testimony after it had passed the proper officer. When application is made to make an occupant entry, proof must be exhibited to the surveyor of the actual occupancy, and his act ought to be considered as not controvertible by verbal testimony.
In this case, however, it will not be very material whether the act of the surveyor can be impeached or not, in as much as the title of the defendant is not so situated as to enable him to do it. Admitting that Bean was not an actual settler, yet he may be viewed in the same light as the holder of a common warrant, and as such, his entry will be a good one against all subsequent enterers. Norwood has no right to complain; the land had been previously appropriated, and whether by an actual occupancy or not, was to him perfectly immaterial, because Bean had a right to make his entry as the holder of a common warrant long previous to the date of the entry made by Norwood. To enable this Court to go beyond the grant, there must be some previous title existing in the defendant, and that title, where he has the youngest grant, must be an elder legal entry. In the present instance, both the entry and grant of the defendant are of a younger date than the grant to the plaintiff. There is then no title existing in the defendant to enable him to inquire about the plaintiff's title beyond the date of his grant. *Page 348 
Cooke, for the defendant, said that two questions arose in the cause; first, could the defendant resort back to his survey as the origin of his claim? and, secondly, whether by doing so he could avail himself of the want of occupancy on the part of Bean.
It has been determined in this country, that the person holding under the youngest grant can not in a court of law contest the right of his adversary, unless by producing a legal entry of an older date than the grant of his adversary. This principle, however, can only apply to such of our land claims as arise under those parts of the land law which speak of the entry being the beginning of the title. Under the general land law and the occupant law of 1806, an entry was the first thing to be done by a claimant exhibiting a wish to appropriate any particular spot of ground; but by the occupant law of 1807 under which the defendant's claim originated, the entry is only a secondary act — the first is the survey. From the provisions of the law of 1807 the occupant is first to make a survey of the land as an evidence of his disposition to appropriate it as an occupant; and at an after period he is to make his entry in pursuance of the survey and apply his warrant. Upon the same principle, therefore, that in other cases permission is given the party having the youngest grant to rely also upon his entry in a court of law, the defendant in this case ought to be permitted to go back with his title to the survey. This being of an older date than the grant to Bean, the inquiry then properly occurs with respect to the validity of the previous entry upon which that grant is founded.
Bean's entry upon the face of it appears to be upon an occupant claim. It is admitted that he was not an occupant; and inasmuch as when a claim is made under the provisions of a statute those provisions ought strictly to be pursued, it would seem that Bean's entry is wholly illegal. And such was the opinion of this Court in the case of Bass's lessee against Dinwiddie, decided at last term.
We do not consider that the act of the surveyor *Page 349 
in permitting the entry to be made is conclusive evidence of the right of occupancy on the part of Bean. If it were so, an imposition upon that officer which might be easily effected in a case where the proceeding is wholly ex parte could not afterwards be detected. This the Court are not disposed to tolerate.
It is a general rule that the person claiming under the youngest grant can not in a court of law impeach the grant of his adversary except by showing an elder legal entry. But it has been urged by the counsel for the defendant, that under the law of 1807 a survey is placed upon the same footing. The Court are inclined to think that as between two occupants the position contended for is correct. The survey is an appropriation of the land, and will stand good against any subsequent claim whether by survey or by entry.
But in this case we are of opinion that although the defendant may have a title at law originating with the date of his survey, still he can not be permitted to contest Bean's right of occupancy. Had the survey of Norwood been made after the date of Bean's entry and at a time when none but occupants could enter, the question would have been of a different description. When the office opened in 1807 the common holders of warrant were obliged to have them listed and draw for priority of entry. This was not the case with respect to occupant claims. These were entitled to be entered before the others. If under such circumstances a man should claim to be an occupant and make his entry as such when in truth he was no occupant, he could not hold the land in opposition to an entry made by the common holder of a warrant as soon as the obstruction created by the occupant preference was removed. In this case the survey of Norwood was not made until the 19th of March, 1808, long after the obstruction alluded to had ceased to exist. To him it was perfectly immaterial whether Bean entered as an occupant or not. We are therefore of opinion that Bean's entry as it regards Norwood's claim is to be considered as a good one, upon the ground of his being the holder of a warrant, who in some shape *Page 350 
had a right to make an entry without attending to the question of occupancy.
The case of Bass's lessee against Dinwiddie is widely distinguishable from this. There the entry of Dinwiddie was made when none but occupants had a right to enter; and the entry of Bass was made only two days afterwards, the moment the obstruction enacted by the occupant preference was removed.